UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ELAINE GOOD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>TAHLIAH BARNETT, et al.,<br><br>　　　　Defendants. | Case No. CV 14-2668 SVW<br><br>ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER |

　　　　On April 8, 2014, plaintiffs Linda and Laura Good filed a complaint against defendants alleging trademark infringement.  Plaintiffs claim they have long used the mark "The Twigs" in interstate commerce "in connection with the promotion and sale of their goods and services, including playing musical concerts and selling recordings of their original songs and performances, increasingly over the Internet."  (Compl. ¶ 47.)  They claim that around June 2013, they learned that a musical artist named Tahliah Barnett from London has been performing as "Twigs" or "FKA Twigs" and selling her CD on the internet.  (Id. ¶¶ 26, 32.) Plaintiffs also assert that defendants "are on the brink of selling and promoting the live musical performance of Barnett for the first time ever in the United States with the concert advertised to take place at the Hollywood Forever cemetery on April

10, 2014." (*Id.* ¶ 48.)

On April 9, 2014, at 10:52 p.m. Pacific Daylight Time, plaintiffs filed the instant ex parte application for a temporary restraining order (TRO) seeking to enjoin defendants from using their Twigs mark at a sold-out concert that is scheduled to begin tonight (April 10, 2014) at 8:00 p.m. in Hollywood. (See Compl. ¶ 44 & Dkt. 10 (Good Decl.) Ex. 7.)

At 2:42 p.m. today, defendant Barnett filed an opposition to the application for a TRO. At 3:43 p.m. PDT today, defendants Beggars Group Holdings (USA) Inc., Beggars Banquet Recordings (USA) Inc. and XL Recordings (USA) Inc. filed a separate opposition to the application.[1]

At 4:22 p.m. today, plaintiffs filed a reply.

The Court has read the papers submitted in support of and in opposition to the application for a TRO, and on that basis now DENIES the application.

A party seeking a TRO must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to plaintiffs in the absence of preliminary relief; (3) the balance of equities tips in plaintiffs' favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Because injunctive relief is an "extraordinary remedy," it may only be awarded "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. This traditional four-factor test employed by the courts of equity, including the requirement that the plaintiff must establish irreparable injury to obtain a TRO, applies equally to trademark infringement actions. *Herb Reed Enterprises v. Florida Entertainment Management*, 736 F.3d 1239, 1249 (9th Cir. 2013) (*citing Winter*, 555 U.S. 7, and *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006)). There is no presumption of irreparable harm simply because a plaintiff establishes a likelihood of success

---

[1] The Court experienced technical difficulties with the CM/ECF filing system during this afternoon, which may have somewhat delayed some of these filings.

2

the merits of the trademark infringement claim. *Id.* Instead, a plaintiff seeking a TRO must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* (citation and internal quotation marks omitted). Requiring only a showing of a "possibility" of irreparable harm is "a standard that is too lenient." *Id.* (citation and internal quotation marks omitted).

Even assuming that plaintiffs will prevail on the merits of their underlying trademark dispute, they have not established a *likelihood* of irreparable injury if tonight's concert proceeds with defendant Barnett continuing to use the mark "fka Twigs." First, plaintiffs have not established that "remedies available at law, such as monetary damages, are inadequate to compensate for the injury arising from [Barnett's] continuing allegedly infringing use of the mark." *Herb Reed Enterprises*, 736 F.3d at 1249-50 (citation and internal quotation marks omitted). Second, plaintiffs have failed to explain why they waited until just twenty-one hours before the scheduled time of the allegedly infringing concert to file the instant application. Plaintiffs say they first became aware of defendant's plans for the concert on April 1, 2013. (Compl. ¶ 41.) Even this date is eight days prior to the instant emergency application. Moreover, plaintiffs have been aware of defendants' actions in selling music under the disputed mark within the United States since September 2013. (Compl. ¶ 32.) In considering whether plaintiffs have established irreparable harm here, the Court takes into account whether they "proceeded as quickly as [they] could have" in seeking a TRO. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012). Here, plaintiffs' unexplained delay in seeking emergency relief undermines their claim of irreparable injury. Plaintiff has also failed to show the balance of equities favors an immediate restraining order affecting the manner in which defendant Barnett represents herself at tonight's concert. (*See* Barnett Opp'n at 6-7.)

Plaintiffs have failed to carry their burden of making a "clear showing" that they are entitled to the "extraordinary remedy" of immediate injunctive relief.

3

*Winter*, 555 U.S. at 22.

The application for a temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated: April 10, 2014

_____
STEPHEN V. WILSON
United States District Judge